# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOWEL QUITO DELA CRUZ, | CASE NO. 10CV0882 DMS (RBB) |
| Petitioner, | **ORDER GRANTING PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| JANET NAPOLITANO, Secretary of the Department of Homeland Security, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, Petitioner's writ of habeas corpus is granted and a conditional writ of habeas corpus is issued.

## I.

## BACKGROUND

Petitioner is a native and citizen of the Republic of the Philippines.  (First Amended Petition for Writ of Habeas Corpus ("Pet.") at 2.)  He was admitted to the United States as a lawful permanent resident in 2004 and is married to a United States citizen with whom he has a son.  (*Id.*)  In 2007, Petitioner was convicted of a violation of California Penal Code § 273.5(a) for willful infliction of corporal injury and was sentenced to two years in prison.  (*Id.*)  Following completion of the term prescribed by law for his criminal conviction, Petitioner was transferred to Respondents' custody.  (*Id.*)  Petitioner was placed in removal proceedings in 2008 and, on December 17, 2008, was ordered

removed based upon his conviction for an aggravated felony.  (*Id.*)  Petitioner appealed the removal determination to the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") decision without opinion.  (*Id.*; Return Ex. F.)  Petitioner then filed a petition for review in the Ninth Circuit Court of Appeals.  (Pet. at 3.)  The Court of Appeals subsequently issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction.  (*Id.*)  However, on August 20, 2009, the Court of Appeals discharged the order to show cause and granted Petitioner a permanent stay of removal.  (*Id.*)

On April 21, 2009, Petitioner filed a motion requesting a bond hearing under *Casas-Castrillon v. D.H.S.*, 535 F.3d 942 (9th Cir. 2008).  (*Id.*)  A hearing was held on June 1, 2009 before the IJ who had presided over the removal proceedings.  (*Id.*)  The IJ found that Petitioner was not a danger to the community, but that he was a flight risk and denied bond.  (*Id.* at 3, Ex. B at 3-4.)  Petitioner appealed the decision denying bond, which the BIA affirmed without opinion.  (*Id.* at 3, Ex. C.)  After the Ninth Circuit Court of Appeals discharged the order to show cause on the appeal from the removal determination, Petitioner filed a motion for a second *Casas* bond hearing.  (*Id.* at 3.)  On October 26, 2009, the IJ denied Petitioner's motion on the basis that he had not shown there were any material changes in circumstances warranting a new hearing and found there was sufficient evidence to demonstrate that Petitioner presented a flight risk.  (Pet. at 3, Ex. D at 2.)  Petitioner appealed the decision, which the BIA affirmed on February 18, 2010.  (Pet. at 3, Ex. E.)

On April 26, 2010, Petitioner filed a Petition for Writ of Habeas Corpus with this Court, along with a motion for leave to proceed in *forma pauperis* and a motion for appointment of counsel.  (Docs. 1-3.)  On June 9, 2010, the Court granted Petitioner's motion for appointment of counsel.  (Doc. 6.)  Petitioner was subsequently granted leave to file and did file the instant First Amended Petition for Writ of Habeas Corpus.  (Docs. 10-11.)  Respondents filed a return and Petitioner filed a traverse.  (Docs. 12-13.)

## II.

## DISCUSSION

Petitioner argues he is entitled to a writ of habeas corpus because he has been unreasonably detained pending the outcome of his challenges to his removal order and because he received a

1    procedurally deficient bond hearing and is therefore being held in violation of his due process rights.

2    He argues the hearing was constitutionally deficient for four reasons: (1) the IJ failed to articulate and

3    apply the correct standard of proof; (2) the IJ failed to provide appointed counsel; (3) the IJ

4    erroneously applied the factors set forth in *In re Guerra*, 24 I. & N. Dec. 37 (B.I.A. 2006); and (4) it

5    was error for the IJ to consider information on the merits at the bond hearing.  Petitioner further argues

6    he has been denied due process of law by the IJ's arbitrary denial of his request for a new bond hearing

7    and the lack of periodic custody redeterminations.  Respondents argue this Court lacks jurisdiction to

8    review Petitioner's claims regarding discretionary determinations made by the IJ and, furthermore, that

9    Petitioner's petition should be denied because he has not shown any cognizable procedural deficiencies

10   in the bond hearing.

11   **A.    Jurisdiction**

12   As an initial matter, district courts have jurisdiction to address the lawfulness of prolonged

13   detentions of non-citizens under 28 U.S.C. § 2241.  *See Zadvydas v. Davis*, 533 U.S. 678, 686-90

14   (2001).  Respondents argue, however, that this Court lacks jurisdiction to review Petitioner's claims

15   that the IJ erroneously applied the factors set forth in *Guerra* and that the IJ arbitrarily denied his

16   request for a second custody redetermination because such claims relate to an immigration judge's

17   discretionary determinations, which, pursuant to 8 U.S.C. § 1226(e), are not subject to judicial review.

18   Petitioner argues in response that he is not challenging the discretionary decisions of the IJ, but is

19   rather challenging procedural errors in the bond hearing that constituted violations of his due process

20   rights.  Petitioner contends this Court retains jurisdiction over these claims because there is no statute

21   that forecloses judicial review of legal or constitutional error in civil custody matters.

22   It is well-established that this Court's habeas review of the Attorney General's discretionary

23   authority, as well as that of employees of the Attorney General, is precluded by 8 U.S.C. § 1226(e).[1]

24   However, this does not deprive a Court of jurisdiction to determine the legal sufficiency of a

25   petitioner's bond hearing and habeas review is available to claim that discretion was not exercised in

26

27   _____

28       [1]    8 U.S.C. § 1226(e) states "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

accordance with federal law or in a constitutional manner. *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 828 (9th Cir. 2002). To invoke this Court's jurisdiction, "a petitioner must allege at least a colorable constitutional violation. To be colorable in this context, the alleged violation need not be 'substantial,' but the claim 'must have some possible validity.'" *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001)(citations and quotations omitted). Here, Petitioner has stated at least a colorable claim that his constitutional right to due process was violated by the IJ's alleged improper exercise of discretion in considering certain factors not explicitly set forth in *Guerra* at the bond hearing. Accordingly, the Court has jurisdiction to review such claim here. However, Petitioner has failed to allege a colorable claim that the IJ arbitrarily denied his request for a second custody redetermination because this discretionary determination was clearly made in accordance with federal law. Therefore, the Court does not have jurisdiction to review this claim.

**B.     Standard of Proof**

In *Casas*, the Court held "the prolonged detention of aliens is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention." *Casas*, 535 F.3d at 951. The Court went on to state:

> [b]ecause the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,' we hold that § 1226(a) must be construed as *requiring* the Attorney General to provide the alien with such a hearing. Thus an alien is entitled to release on bond unless the 'government establishes he is a flight risk or will be a danger to the community.'

*Id.* (citations omitted)(emphasis in original). *Casas*, however, does not state by what standard the Government must establish that an individual is a flight risk or will be a danger to the community. Here, the IJ did not state the standard of proof to which he was holding the Government in his Memorandum of Bond Decision. (Pet. Ex. B at 3 ("Taking these factors into consideration, I conclude that the DHS has established that the respondent [Dela Cruz] presents a flight risk and will deny his request for release from custody.").) Petitioner argues the appropriate standard is clear and convincing evidence and it is clear from an analysis of the *Guerra* factors that the IJ did not hold the Government to this standard. Respondents argue Petitioner has failed to establish he had a right to have Respondents held to a clear and convincing standard of proof such that any failure to do so by the IJ

deprived him of his due process rights.

The Court finds Petitioner's due process rights were violated by the IJ's failure to articulate the standard of proof to which he was holding Respondents at the *Casas* bond hearing. Litigants and factfinders are entitled to know at the outset the standard of proof that applies to the claims being litigated. Furthermore, in order to accord parties due process of law, the standard of proof applicable to a particular claim must be calibrated in advance and not determined on a case-by-case basis. The Supreme Court has stated:

> this Court never has approved case-by-case determination of the proper *standard of proof* for a given proceeding. Standards of proof, like other 'procedural due process rules, are shaped by the risk of error inherent in the truth-finding process as applied to the *generality of cases*, not the rare exceptions.' Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance. Retrospective case-by-case review cannot preserve fundamental fairness when a class of proceedings is governed by a constitutionally defective evidentiary standard.

*Santosky v. Kramer*, 455 U.S. 745, 757 (1982)(emphasis in original)(quoting *Matthews v. Eldridge*, 424 U.S. 319, 344 (1976)); *see also Addington v. Texas*, 441 U.S. 418, 423 (1979)("The function of the standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.'" (quoting *In re Winship*, 397 U.S. 358, 370 (1970)(Harlan, J., concurring))). As the IJ here did not articulate the standard to which Respondents were required to, or in fact did, establish Petitioner constituted a danger to society or a flight risk, the *Casas* bond hearing provided to Petitioner did not provide him adequate due process of law.

As the standard of proof that is required to be met by the Government in a *Casas* bond hearing must be calibrated in advance, the Court must articulate such standard here. The statutes, regulations, and controlling case law, however, are silent regarding the standard of proof. Petitioner argues, in light of the liberty interest at stake, a heightened clear and convincing standard should apply. The Court agrees. As an initial matter, the court in *Casas* cited to *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005), and noted *Tijani's* citation to *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996). *Casas*, 535 F.3d at 951. The portion of the *Cooper* opinion highlighted by *Casas* and *Tijani* states "we have held that due process places a heightened burden of proof on the State in civil proceedings in which the

1   'individual interests at stake . . . are both 'particularly important' and 'more substantial than mere loss

2   of money.''" *Cooper*, 517 U.S. at 363 (quoting *Santosky*, 455 U.S. at 756).  Accordingly, applying the

3   clear and convincing standard of proof to the Government in the context of a *Casas* hearing is

4   consistent with the opinions in *Casas* and *Tijani*.

5        The possibility of long-term discretionary detention clearly implicates an individual interest

6   that is both particularly important and more substantial than the mere loss of money such that a

7   heightened standard of proof should be placed upon the Government in a *Casas* hearing.  Other

8   analogous cases addressing civil or quasi-criminal detention or commitment proceedings have

9   similarly found fit to apply a clear and convincing standard of proof.  *See Foucha v. Louisiana*, 504

10   U.S. 71, 84 (1992)(insanity and dangerousness must be established by the State by clear and

11   convincing evidence in order to confine an insane convict beyond his criminal sentence); *Addington*,

12   441 U.S. at 424 (noting the general applicability of the clear and convincing standard to cases

13   involving particularly important individual interests).  Here, the Government seeks to detain Petitioner

14   beyond his criminal sentence, during the pendency of his appeal from his removal order.  As the liberty

15   interest at stake is freedom from civil detention, the Court finds the clear and convincing standard of

16   proof appropriate.  *See Reynoso-Rodriguez v. Napolitano*, No. S-08-321 MCE (KJM), 2009 WL

17   3157477, at *7 (E.D. Cal. Sept. 28, 2009)(magistrate judge's findings and recommendations

18   subsequently adopted by the district court, finding the clear and convincing standard of proof

19   appropriate for considerations of dangerousness in a *Casas* bond hearing).  Furthermore, the Court

20   finds the reasoning applied in *Reynoso-Rodriguez* – to conclude a clear and convincing standard

21   should apply to bond determinations based upon dangerousness – equally applicable to determinations

22   based upon flight risk.  *Id.*  Therefore, although the IJ here denied Petitioner bond on the basis of flight

23   risk only, the clear and convincing standard of proof is applicable regardless of whether the

24   Government seeks to detain an alien on flight risk or dangerousness considerations.

25        The clear and convincing standard of proof is appropriate in these circumstances as it "strikes

26   a fair balance between the rights of the individual and the legitimate concerns of the [Government]."

27   *Addington*, 441 U.S. at 431.  Accordingly, the Petitioner is entitled to a new hearing before an

28   Immigration Judge, who shall apply the clear and convincing standard of proof in determining whether

1   Respondents have met their burden under *Casas*.  Although the Court determines that Petitioner's due

2   process rights were violated by the IJ's failure to articulate the standard of proof to which he was

3   holding Respondents and a new hearing is appropriate on this basis, the Court proceeds to address

4   Petitioner's remaining claims.

5   **C.      Appointment of Counsel**

6          Petitioner argues the IJ's failure to provide him appointed counsel at the *Casas* bond hearing

7   deprived him of due process of law.  Respondents counter that an alien in removal proceedings has no

8   Sixth Amendment right to appointment of counsel at Government expense and need only be informed

9   of his right to obtain the counsel of his choice.  *See* 8 U.S.C. § 1362 ("In any removal proceedings

10  before an immigration judge . . ., the person concerned shall have the privilege of being represented

11  (at no expense to the Government) by such counsel . . . as he shall choose.").  While it is established

12  that an individual in removal proceedings does not have a Sixth Amendment right to appointed

13  counsel, this is not Petitioner's argument.  Rather, Petitioner argues his Fifth Amendment due process

14  rights were violated because he was not appointed counsel, nor apprised of his alleged right to have

15  counsel appointed, in a proceeding in which his physical liberty was at stake.  Neither Petitioner nor

16  Respondents present the Court with any authority discussing whether due process requires appointment

17  of counsel for an indigent alien at a *Casas* bond hearing, nor has the Court been able to locate any such

18  authority.

19         Petitioner suggests the Court apply to immigration bond hearings the standard set forth in

20  *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), in the context of parole revocation hearings.  In *Scarpelli*,

21  the Supreme Court held that a determination as to whether due process requires the appointment of

22  counsel in a revocation proceeding should be made on a case-by-case basis, but that counsel should

23  be appointed where the parolee states a colorable claim that he has not committed the alleged violation

24  of parole or where there are substantial reasons which justified the violation and where such reasons

25  are complex or difficult to develop.  411 U.S. at 790-91.  The Court declines to decide whether such

26  standard is applicable to immigration bond hearings because, even under the standard articulated in

27  *Scarpelli*, Petitioner would not have been entitled to appointment of counsel as the issues in his bond

28  hearing were neither complex nor difficult to develop.  Accordingly, Petitioner has failed to establish

1    that his constitutional due process rights were violated by the IJ's failure to provide him with appointed

2    counsel at his bond hearing.

3    **D.      Guerra Factors**

4          Petitioner argues the IJ erroneously applied the factors set forth in *Guerra* because he

5    considered the likelihood of Petitioner's removal in light of the Ninth Circuit's alleged lack of

6    jurisdiction over his petition for review and Petitioner's violation of a restraining order.  Although the

7    Court has jurisdiction over Petitioner's claim regarding the IJ's alleged improper exercise of discretion

8    in considering certain factors not explicitly set forth in *Guerra*, the Court does not find that Petitioner's

9    due process rights were violated on this basis.

10         "In general, an Immigration Judge must consider whether an alien who seeks a change in

11   custody status is a threat to national security, a danger to the community at large, likely to abscond,

12   or otherwise a poor bail risk.  Immigration Judges may look to a number of factors in determining

13   whether an alien merits release from bond, as well as the amount of bond that is appropriate." *Guerra*,

14   24 I.& N. Dec. at 40.  In *Guerra*, the court went on to list a number of factors, any or all of which may

15   be included in the court's determination. *Id.*  "An Immigration Judge has broad discretion in deciding

16   the factors that he or she may consider in custody redeterminations.  The Immigration Judge may

17   choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.*

18   Furthermore, "[t]he determination of the Immigration Judge as to custody status or bond may be based

19   upon any information that is available to the Immigration Judge or that is presented to him or her by

20   the alien or the Service." 8 C.F.R. § 1003.19(d).  In determining whether Petitioner was entitled to a

21   bond, the IJ properly looked to several of the factors set forth in *Guerra*, including the Petitioner's

22   criminal record listing a restraining order violation.  The IJ was within his discretionary authority in

23   concluding "[t]he respondent's conviction for violating a restraining order, notwithstanding his

24   explanation that he did not know of it, raises a question about his willingness to voluntarily comply

25   with lawful directives." (Pet. Ex. B at 3.)  It was also within the IJ's discretion, in considering whether

26   Petitioner was likely to abscond, to consider the likelihood of his removal.  Accordingly, Petitioner's

27   due process rights were not violated on this basis.

28

**E.     Information on the Merits**

Petitioner argues it was error for the IJ to consider information on the merits at the bond hearing and that it was particularly inappropriate because the IJ who heard the bond motion was the same IJ who presided over Petitioner's removal proceeding.  As an initial matter, there is nothing inherently improper with the same IJ presiding over both the removal and bond proceedings.  *See Joseph v. Holder*, 600 F.3d 1235, 1242 (9th Cir. 2010)(noting "the IJ properly presided over both [the removal and bond] proceedings").  However, "[c]onsideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding."  8 C.F.R. § 1003.19(d).  Furthermore, although evidence from a bond hearing may not be used in a removal hearing, evidence from a removal hearing may be considered in a bond hearing if it is made part of the record.  *Joseph*, 600 F.3d at 1242 (citing *In re Adeniji*, 22 I. & N. Dec. 1102, 1115 (B.I.A. 1999)).  In the Memorandum of Bond Decision, the IJ notes the Department of Homeland Security "filed copies of the Court's and Board of Immigration Appeals' decisions, a court docket printout regarding the respondent's petition for review, and an affidavit by a DHS official indicating no impediment exists to removal of aliens to the Philippines."  (Pet. Ex. B at 1.)  Accordingly, the IJ's consideration of evidence made a part of the record on the bond hearing was appropriate and Petitioner's due process rights were not violated on this ground.

**F.     Denial of Rehearing**

Petitioner's final argument is that the liberty interest at stake mandates that periodic reviews of a detainee's flight risk and danger to the community be conducted.  In light of the provision of subsequent bond redetermination upon a showing of a material change in circumstances, the Court does not find Petitioner's due process rights were violated by the lack of periodic review of his bond eligibility.  *See* 8 C.F.R. § 1003.19(e)("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").  Petitioner further argues, however, that the denial of his request for rehearing on the basis of the Ninth Circuit Court of Appeals' discharge of the order to show cause was a violation

of his due process rights.  Because this constitutes a challenge to the IJ's discretionary determination under 8 C.F.R. § 1003.19(e), as stated above, this Court does not have jurisdiction to review this claim upon a habeas petition.

### III.

### CONCLUSION

For the foregoing reasons, Petitioner's Amended Petition for Writ of Habeas Corpus is granted. A conditional writ of habeas corpus is issued and the Petitioner shall be released from custody unless he receives a new hearing before an Immigration Judge consistent with this Order within thirty days after entry of this Order.  The Court retains jurisdiction over this matter to enforce the conditional writ of habeas corpus.

**IT IS SO ORDERED**.

DATED:  January 27, 2011

_____
HON. DANA M. SABRAW
United States District Judge